## In re J. F. Pease Furnace Co.

*(Supreme Court, General Term, First Department. March 13, 1891.)*

Change of Venue—Discretion of Court.

An action for breach of warranty of a heater furnished by defendant to plaintiff, under a contract, made at the city of New York, by which the heater was to be furnished and used in the state of New Jersey, was brought in the city court of New York. Defendant, a domestic corporation having its principal place of business in the county of Onondaga, N. Y., 300 miles distant from the city of New York, moved to remove the action from the city court to the supreme court, for the purpose of changing the place of trial to Onondaga county. *Held,* that witnesses for defendant as to the sufficiency of heaters similar to that furnished plaintiff would not be admissible, and, as most of the witnesses as to fitness of the heater were in or near New York city; and the removal of the action, under Code Civil Proc. N. Y. § 319, providing therefor, was discretionary, an order denying the motion should be affirmed on appeal.

Appeal from special term, New York county.

Motion by the J. F. Pease Furnace Company for the removal from the city court of New York to the supreme court of an action brought in the city court by Michael W. Devine against said J. F. Pease Furnace Company, for the purpose of changing the place of trial to the county of Onondaga. Said defendant appeals from an order denying its motion. Code Civil Proc. N. Y. § 319, provides: "The supreme court, at a term held in the first judicial district, may, by an order made at any time after joinder of an issue of fact, and before the trial thereof, remove to itself an action brought in the marine court [now the city court of New York] for the purpose of changing the place of trial thereof."

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Brunnemer & Bennett,* for appellant. *Martin & Smith,* for respondent.

BRADY, J. The contract for a breach of which this action was brought was made in this city by the plaintiff with the defendant's general agent, and at its branch office here. The heater which was to be furnished to the plaintiff was to be used in the city of Elizabeth, N. J., which may be said to be one of the suburbs of the city of New York, the distance from the latter city is so short. The contract having been thus made, and the heater .thus located at Elizabeth, the witnesses as to its fitness are naturally persons connected with the two cities named, and some of the witnesses thought to be necessary for the defense, presumably under the circumstances disclosed, are not so. That of Peters, Hyde, Neil, Blair, Hood, and Creelman are to show that heaters similar to the one to be furnished the plaintiff have proven amply sufficient to heat buildings as large as plaintiff's, if properly managed. This evidence does not seem to be admissible. The question is not what other heaters have done, but what the one in question has done. Indeed, it might be admitted that other and similar heaters have been successful, but the question would still be as to the fitness and capacity of the one rejected by the plaintiff. Besides that, it must be said that, if any witnesses in the employment of the defendant are necessary, the defendant should be required to bring them here, the contract having been made here, and the heater being a short distance from the city, and more accessible, therefore, for inspection. The removal of the action from the city court is, however, discretionary, (Code, § 319,) and we have not discovered in the record any evidence of the abuse of the discretion conferred by the statute. Indeed, some reasons have been given to show that the plaintiff ought not to be required to take his witnesses from another state to a place *300 miles distant,* to secure redress for a breach of contract made here, and to be wholly performed in a place within a comparatively short distance from this city. The order, for these reasons, should be affirmed, with $10 costs and disbursements. Ordered accordingly.

All concur.